## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM DAVID JONES,
          Appellant,

      v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
DC-0752-20-0273-I-1

DATE:  June 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William David Jones, Rockville, Virginia, pro se.

Katherine Yourth and Tiffany Higuchi, Richmond, Virginia,
   for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that he resigned as a result of agency misinformation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was an Operations Research Analyst with the Defense Logistics Agency (DLA). Initial Appeal File (IAF), Tab 1 at 7. On September 13, 2018, a coworker of the appellant's, coworker A, filed a complaint with the DLA police department against the appellant alleging assault, sexual harassment, and a hostile work environment. IAF, Tab 22 at 19-20. Coworker A alleged that the appellant grabbed her by the arm and exhibited unpredictable and violent behavior. *Id.* According to coworker A, the appellant's actions were related to the end of an "adulterous relationship" between the appellant and another coworker, coworker B. *Id.* Coworker B gave a statement to the DLA police department the same day, indicating that she broke off contact with the appellant approximately 6 months earlier. *Id.* Coworker B alleged that since that time the appellant had subjected her to unwelcome advances and spread rumors about her at work. *Id.*

The following day, the appellant's supervisor required him to telework full time. IAF, Tab 10 at 44-45. Shortly thereafter, on September 20, 2018, the agency issued the appellant a "no-contact order," instructing him to have no contact with coworkers A and B. IAF, Tab 13 at 6-7. Around this same time, the agency initiated an investigation into the allegations against the appellant. *Id.* at 81. The appellant was allowed to return to work on October 29, 2018, but was separated from his colleagues and work environment. IAF, Tab 4 at 3, Tab 20 at 6-7. According to the appellant, during this period, he could not work on any of his normal projects and was only allowed to work on learning management system courses. IAF, Tab 4 at 3.

On November 14, 2018, the agency placed the appellant in an administrative leave status "pending the completion of an investigation being conducted related to [his] alleged misconduct." IAF, Tab 10 at 102. According to the appellant, upon being placed in an administrative leave status, he had to surrender his common access card, after-hours access card, Government computer, and keys. IAF, Tab 4 at 3. The appellant alleged that during a phone call, his supervisor told him that the investigation was "wrapping up and not looking good" for the appellant, and that he was facing being fired and losing his security clearance. IAF, Tab 24 at 9. Thereafter, on November 17, 2018, the appellant resigned from his position. IAF, Tab 1 at 7, Tab 11 at 11.

Following his resignation, the agency barred him from reentering the facility based on his exhibiting "threatening behavior towards other DLA employees and [violating] a no-contact order established between [him] and a DLA employee." IAF, Tab 10 at 43. In February 2019, the agency concluded its investigation into the appellant's behavior towards coworkers A and B. IAF, Tab 13 at 81-89. The Investigating Officer found that the appellant engaged in harassment, misconduct, and the creation of a hostile work environment. *Id.* at 87-88. Based on this, the Investigating Officer concluded that "disciplinary

action [against the appellant] would have been appropriate" had he not resigned. *Id.* at 88.

Following his resignation, the appellant filed an Equal Employment Opportunity (EEO) complaint on March 12, 2019, regarding agency actions beginning with the DLA police department investigation in September 2018, through the agency's continued refusal to lift its no contact orders in March 2019. IAF, Tab 21 at 13-14, 15-21, Tab 24 at 10. The actions included his alleged involuntary resignation. IAF, Tab 21 at 16.[2] The appellant subsequently filed a Board appeal alleging his resignation was involuntary based on the agency violating various rights and procedures, and creating a hostile work environment. IAF, Tab 1 at 5.

The administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. *Id.* at 2; IAF, Tab 30, Initial Decision (ID) at 1. The administrative judge found that, as alleged by the appellant, the working conditions and actions taken by the agency were not so intolerable that a reasonable person would have felt compelled to resign. ID at 13-14. The administrative judge additionally found that, even if the agency had proposed discipline against the appellant, he nonetheless could have chosen to challenge the merits of that action. ID at 14. She further observed several of the appellant's alleged actions took place after he resigned and thus could not have factored into his resignation. ID at 12-13, 15. She ultimately found that the totality of the circumstances as alleged by the appellant failed to amount to a nonfrivolous allegation that the agency coerced

---

[2] The Board has explained that, when an appellant files a timely formal discrimination complaint prior to appealing to the Board, the right to pursue an appeal with the Board does not vest until the agency issues a final decision on the discrimination claim or 120 days have passed since the filing of the complaint. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 9 (2014). The appellant met these requirements. At the time he filed his Board appeal, more than 120 days had passed since he filed his EEO complaint, and no final agency decision had been issued. IAF, Tab 5 at 7, Tab 21 at 11, 13, Tab 24 at 10.

him to resign or created a hostile work environment such that it deprived him of a choice. ID at 16.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He largely repeats his arguments from below that the agency coerced him to resign and violated various regulations and guidelines. *Id.* at 4-6, 12-17. He asserts that his supervisor manipulated coworkers A and B to contact the DLA police department in September 2019 and provides text message in support of this claim. *Id.* at 6-12, 16-17. He also argues that the administrative judge erroneously did not consider various events that took place after his resignation. *Id.* at 4, 17. He repeats his claim that the agency representative lied in her pleadings by asserting that she had no personal knowledge of the events and suggests, without evidence, that the agency's original representative was replaced due to ethical violations. *Id.* at 18-20. He also challenges the suggestion that his statement in his letter of resignation belies his claim of involuntariness before the Board. *Id.* at 15-16. Finally, he challenges the administrative judge's use of various prior Board cases and attempts to distinguish the facts of those cases from his. *Id.* at 20-21. After the record closed on review, the appellant filed a motion to submit additional evidence in support of his claim. PFR File, Tab 7. The agency has not responded to the appellant's petition for review or his motion to submit new evidence.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Gibeault v. Department of the Treasury*, 114 M.S.P.R. 664, ¶ 6 (2010). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if he makes a nonfrivolous

allegation casting doubt on the presumption of voluntariness. *Id*. A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Id*. The appellant ultimately bears the burden of establishing jurisdiction over his appeal by a preponderance of the evidence. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A).

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that his resignation was the result of coercion.</u>

The appellant's arguments involve an allegation that he was subjected to a hostile work environment that coerced him into resigning. IAF, Tab 1 at 5; PFR File, Tab 1 at 5-18. The administrative judge found that the appellant failed to nonfrivolously allege that the agency's action and conduct was so intolerable that he had no choice but to resign when he did. ID at 12-16. We agree with the administrative judge.

"[T]he doctrine of coercive involuntariness is a narrow one." *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)), *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of his resignation, he had no realistic alternative but to resign, and his resignation was the result of improper acts by the agency. *Vitale*, 107 M.S.P.R. 501, ¶ 19. The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id*. When alleging involuntary resignation due to harassment or a hostile work environment, the appellant must demonstrate that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign. *Id*., ¶ 20. The Board addresses allegations of discrimination and reprisal for EEO activity in connection with an alleged involuntary retirement

only insofar as those allegations relate to the issue of voluntariness. *Id.* Generally, dissatisfaction with work assignments, a feeling of being unfairly criticized, and difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to retire or resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).

The appellant, in essence, disagrees with the administrative judge's finding that the following alleged agency actions were not coercive, ID at 13-15: requiring the appellant to telework for 47 days despite not having a recurring telework agreement, PFR File, Tab 1 at 5-6; IAF, Tab 1 at 5, refusing to meet with him or discuss the reasoning behind his teleworking, PFR File, Tab 1 at 12-13; IAF, Tab 24 at 11, placing him on administrative leave and requiring him to hand in his access cards and Government computer, PFR File, Tab 1 at 14-15, IAF, Tab 24 at 9, and informing him that the investigation "was wrapping up and not looking good for [him]" and that he faced being fired and losing his security clearance, PFR File, Tab 1 at 5, 13; IAF, Tab 24 at 9.[3] We are not persuaded by the appellant's arguments.

An employee is not guaranteed a stress-free working environment. *Brown*, 115 M.S.P.R. 609, ¶ 15; *see Miller*, 85 M.S.P.R. 310, ¶ 32 (observing that difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). Furthermore, the appellant's altered work

---

[3] The appellant below claimed that the agency's coercive acts included the September 20, 2018 no-contact order involving coworkers A and B. IAF, Tab 4 at 3. He also alleged that, although the agency returned him to work on October 29, 2018, the conditions were intolerable, including his work assignments, separation from his colleagues, and inability to access agency resources. IAF, Tab 24 at 8-9. Finally, he questioned the completeness and neutrality of the agency's investigation into his alleged misconduct, which culminated in an investigator concluding in February 2019 that the appellant engaged in improper conduct. *Id.* at 11, 13. The appellant does not re-raise these allegations on review. The administrative judge considered them in the context of the appellant's other allegations, but she found that, even if true, a reasonable person in his position would not have felt compelled to retire. ID at 13-14. We decline to revisit this finding as it concerns these alleged agency actions. *See* 5 C.F.R. § 1201.115 (reflecting that the Board will normally only consider those issues raised by the parties on review).

assignments, separation from other employees, and subjection to investigation and a threat of discipline do not amount to a nonfrivolous allegation of involuntary resignation. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (finding that an appellant who alleged he was assigned to perform a difficult cleaning task without assistance, unjustifiably threatened with discipline, subjected to unwarranted investigations, and accompanied by agency police at his worksite failed to nonfrivolously allege that a reasonable person in his position would have been compelled to resign).

The appellant further argues that, after his supervisor told him, "things were not looking god [sic] and that [he was] facing being fired," his only choice was to resign. PFR File, Tab 1 at 13, 15. The administrative judge found that, if the appellant believed the agency's investigation was insufficient or improper, he could have awaited the results and challenged any ensuing disciplinary action. ID at 14. There is nothing in the record to suggest that any disciplinary action was actually proposed against the appellant prior to his resignation. Nonetheless, it is well established that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Baldwin*, 109 M.S.P.R. 392, ¶ 12.

The appellant asserts that the agency's actions were wrongful. PFR File, Tab 1 at 5-6, 10-13. The administrative judge recognized the appellant's similar claims below but did not make a determination on the appropriateness of the agency's actions.[4] ID at 7-9, 12-14. All constructive adverse action claims have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). We agree with the administrative judge's implicit finding that it is unnecessary to reach the

---

[4] One possible exception is the administrative judge's finding that statements by the appellant's supervisor regarding the appellant's situation were not improper. ID at 14. For the reasons stated below, we find it unnecessary to reach this finding.

issue of whether the appellant nonfrivolously alleged that the agency's actions were wrongful, and we are unpersuaded by the new evidence the appellant offers on review allegedly evidencing the improper motives of his supervisor. PFR File, Tab 1 at 6-12.[5] Instead, we discern no reason to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege that the agency's allegedly wrongful actions would have coerced a reasonable person in the appellant's position to resign. ID at 13-15. Thus, the appellant failed to nonfrivolously allege that he lacked a meaningful choice in the matter and did not meet the first prong of the test for proving he was constructively removed. *Bean*, 120 M.S.P.R. 397, ¶ 8.

The appellant challenges other actions taken by the agency, arguing that it mishandled his EEO complaint, interfered with his potential hiring at another job, inappropriately barred him from entering the facility, and continued its investigation into his alleged actions even after he resigned.[6] IAF, Tab 1 at 5; PFR File, Tab 1 at 17. The administrative judge here observed that actions such as these, which took place *after* the appellant's resignation, could not have affected his decision to resign. ID at 12-13, 15; IAF, Tab 1 at 5, Tab 4 at 71, Tab 10 at 43, Tab 11 at 11. We agree and accordingly decline to address them.

---

[5] The appellant submits some text messages for the first time on review, as well as resubmitting others that are contained in the record below. PFR File, Tab 1 at 6-11; IAF, Tab 26 at 5-6. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, because they are submitted to support the appellant's argument of jurisdiction, and because the issue of jurisdiction is always before the Board, we have considered these texts to the extent they are relevant to our jurisdictional determination. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012).

[6] We summarize here the claims the appellant raised both below and on review that concerned agency actions post-dating his removal. His claim that the agency should have ceased its investigation when he resigned is raised for the first time on review. PFR File, Tab 1 at 17. He does not re-raise on review his claim regarding interference with his application for another position, which he raised below. IAF, Tab 1 at 5. Nonetheless, because jurisdiction may be raised at any time, we consider these actions as a whole. *See Poole*, 117 M.S.P.R. 516, ¶ 9.

Finally, the appellant claims that the agency violated his due process rights, as well as various regulations and guidelines, and engaged in prohibited personnel practices. IAF, Tab 1 at 5; PFR File, Tab 1 at 12. The administrative judge found that the Board lacked jurisdiction over these claims absent an otherwise appealable action. ID at 15. We agree.[7] *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015) (declining to reach issues of due process, disparate penalty, harmful error, and prohibited personnel practices absent a finding on the threshold issue of jurisdiction); *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, absent an otherwise appealable action, the Board lacked jurisdiction to review claims of discrimination, harmful error, prohibited personnel practices, and regulatory violations).

<u>We modify the initial decision to find that the appellant failed to nonfrivolously allege that his resignation was the result of misinformation.</u>

The appellant, both below and on review, suggests that he was misinformed by his supervisor about the likelihood and immediacy of discipline. IAF, Tab 24 at 9; PFR File, Tab 1 at 5. The administrative judge addressed the alleged comments but did not specifically address them as an allegation of misinformation. ID at 14. Nonetheless, we find that the appellant has failed to sufficiently allege that his retirement was involuntary due to misinformation. We modify the initial decision accordingly.

---

[7] The appellant has filed a motion to submit "new evidence" after the close of record on review. PFR File, Tab 7. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. *Maloney v. Executive Office of the President, Office of Administration*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. § 1201.114(k). According to the appellant, his new evidence will demonstrate that the agency effectively "fire[d]" him "without due process" or notice of the charges against him and committed unidentified prohibited personnel practices, and "DLA employees made false statements" in connection with the agency investigations into his misconduct. PFR File, Tab 7 at 6. He states, without identifying the nature of this evidence, that it will change the outcome of his appeal. *Id.* at 8. The appellant has not explained why this evidence was not readily available before the record closed below, and as noted here, his due process, procedural error, and prohibited personnel practice claims do not provide a basis to find jurisdiction over his resignation. Therefore, we deny his motion.

An appellant may rebut the presumption of voluntariness by presenting sufficient evidence to show that his resignation was based on agency-supplied misinformation. *Baldwin*, 109 M.S.P.R. 392, ¶ 26. In particular, a resignation is involuntary if the agency made misleading statements upon which the employee reasonably relied to his detriment. *Id.* Indeed, information provided by the agency must be correct in nature and adequate in scope to allow an employee to make an informed choice. *Powers v. Department of Veterans Affairs*, 43 M.S.P.R. 626, 630, *aff'd per curiam*, 918 F.2d 187 (Fed. Cir. 1990). However, the fact that an employee is faced with a choice between two unpleasant alternatives does not make the decision to resign any less voluntary. *Id.*; *Baldwin*, 109 M.S.P.R. 392, ¶ 12.

The appellant here alleges that his supervisor informed him that the agency's investigation was "wrapping up and not looking good" for him. IAF, Tab 24 at 9; PFR File, Tab 1 at 5. He further alleges that his supervisor stated that DLA was "considering [your] removal from government service" and that his security clearance was in jeopardy. IAF, Tab 24 at 9; PFR File, Tab 1 at 5, 13.

At the outset, we note that the information allegedly provided by his supervisor does not appear to be incorrect. The investigation was completed less than 3 months after the conversation allegedly took place. IAF, Tab 13 at 81, Tab 24 at 9. Additionally, the investigator concluded that the appellant engaged in harassment, misconduct, and created a hostile work environment, and that the agency could have pursued disciplinary action against the appellant. IAF, Tab 13 at 87-88.

The agency's investigation reflects that it gathered evidence that, for example, the appellant repeatedly attempted to contact coworker B despite her unresponsiveness, told colleagues that coworker B "was sleeping around with coworkers" and "had given him AIDS," and grabbed coworker A's arm when she refused to pass a note to coworker B. IAF, Tab 13 at 84-85. The appellant does not contend that the agency lacked a reasonable basis to believe he engaged in

such behavior or that, if true, it amounted to misconduct. Instead, he argues that he did not engage in "willful and illegal (criminal) acts," such as "absence from work without leave and actual assaults on persons." PFR File, Tab 1 at 21. The appellant misunderstands the agency's burden to prove misconduct. Depending on how an agency charges misconduct, an employee's intent or the criminal nature of his conduct may not even be at issue. *See Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997) (explaining that an agency is not required to affix a label to a charge of misconduct; it may simply describe actions that constitute misbehavior in a narrative form and have its discipline sustained if the efficiency of the service suffers because of the misconduct). Accordingly, we find that the agency did not provide misinformation upon which the appellant relied to his detriment but rather that the appellant made an informed choice to resign.

The appellant attempts to draw comparisons between himself and the appellant in *Gibeault v. Department of the Treasury*, wherein the Board found that the appellant sufficiently raised a nonfrivolous allegation of involuntary resignation based on misleading statements. PFR File, Tab 1 at 5; *see Gibeault*, 114 M.S.P.R. 664, ¶¶ 8-9. The appellant in *Gibeault* alleged that his supervisor falsely told him that if he challenged an impending disciplinary action, he would be ineligible for future employment with the Government. *Gibeault*, 114 M.S.P.R. 664, ¶ 8. He further alleged that his supervisor stated that he only had 24 hours to decide whether to resign and did not inform him that he would have the right to challenge any removal decision before the Board. *Id.*, ¶¶ 3, 8. By comparison, the appellant here alleges his supervisor told him that the agency was "considering [his] removal." PFR File, Tab 1 at 13. He does not allege that he was given a 24-hour deadline or was improperly told that such an action, if proposed, would result in his permanent ban from Federal service. *Id.* Accordingly, we find the facts of *Gibeault* and the case at hand are distinguishable.

The appellant's remaining arguments are unpersuasive.

The appellant on review argues that the agency's representative perjured herself by asserting that she had no personal knowledge of the matters involved in this appeal, despite being included on various emails discussing the underlying investigation. PFR File, Tab 1 at 18-20. He further suggests, without evidence, that the agency replaced its former representative on the appeal based on a violation of the rules of ethical conduct. *Id.* at 19. The administrative judge considered these allegations and was not persuaded. ID at 14. We agree.

The agency's representative checked "no" when asked whether pleadings filed asserted facts of which she had personal knowledge. *E.g.*, IAF, Tab 10 at 3. The agency's representative appears to be copied on a singular email, sent to seven recipients, discussing a response to an email from the appellant. *Id.* at 46. There is no suggestion that she responded to or otherwise was involved in those matters. Her inclusion on an email as a member of the agency's legal team does not suggest that she was "very heavily involved in the investigation," as stated by the appellant. PFR File, Tab 1 at 18. It furthermore does not demonstrate that the pleading asserted facts from her personal knowledge or that she in any way acted inappropriately. We also agree with the administrative judge that the post-resignation actions of the agency's representative could not have affected the appellant's decision to resign. ID at 14-15.

Finally, the appellant challenges the administrative judge's citation to various cases in the initial decision. PFR File, Tab 1 at 20-21. He seemingly claims the administrative judge erred in relying on said cases and attempts to distinguish their facts from the case at hand. *Id.* The appellant's argument is misplaced. The cases cited therein merely represent the general legal standards for determining the voluntariness of a resignation. *Id.*; ID at 16. Regardless of whether the facts of those cases are distinguishable from the appellant's, the administrative judge did not err in citing to precedential Board cases for the legal propositions contained within. The burden ultimately falls upon the appellant to

present a nonfrivolous allegation that his resignation was involuntary. We agree with the administrative judge that he failed to do so. Accordingly, we affirm the initial decision as modified by this Final Order.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

18

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board


WASHINGTON, D.C.